J-S05005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PAUL W. CRISAMORE, | |
| Appellant | No. 1337 MDA 2016 |

Appeal from the PCRA Order Entered July 18, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0000700-1990

BEFORE:  BENDER, P.J.E., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED FEBRUARY 03, 2017**

Appellant, Paul W. Crisamore, appeals *pro se* from the July 18, 2016 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We briefly summarize the procedural history of Appellant's case, as follows.  On July 6, 1990, Appellant pled guilty to homicide and robbery.  On August 3, 1990, the court conducted a degree-of-guilt hearing and determined that Appellant was guilty of second-degree murder.  On October 11, 1990, Appellant was sentenced to life in prison, without the possibility of parole (LWOP).  He did not file a direct appeal and, thus, his judgment of sentence became final on November 10, 1990.  ***See*** 42 Pa.C.S. § 9545(b)(3)

_____

[*] Retired Senior Judge assigned to the Superior Court.

(stating that judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) (directing that a notice of appeal to Superior Court must be filed within 30 days after the entry of the order from which the appeal is taken).

Over the next 25 years, Appellant filed three PCRA petitions, all of which were denied. On March 22, 2016, he filed a fourth, *pro se* PCRA petition, which underlies the present appeal. Therein, Appellant claimed that the United States Supreme Court's holding in **Miller v. Alabama**, 132 S.Ct. 2455 (2012), applies to his case and renders his LWOP sentence illegal. On June 14, 2016, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. He filed a *pro se* response, but the court issued an order dismissing his petition on July 15, 2016. Appellant filed a timely, *pro se* notice of appeal, and also timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, he raises three issues for our review:

> I. Did [the PCRA] court err when it dismissed Appellant's petition without a hearing on Appellant's claims of cruel and unusual punishment, namely that the Eighth Amendment forbids a sentencing scheme that mandates life without [the] possibility of parole for juvenile offenders, where Pennsylvania's mandatory sentencing scheme violates the proportionality principle, imposing life sentences on juveniles without any individualized considerations[?]
>
> II. Did [the PCRA] court err when it dismissed Appellant's petition without a hearing on Appellant's claims of equal protection violations, namely that the Equal Protection Clause of the Fourteenth Amendment requires that the distinction made

have some relevance to the purpose for which the classification is made, where Article V § 16(q)(ii) of the Pennsylvania Constitution defines Appellant as a juvenile[?]

III. Did the [PCRA] court err when it dismissed Appellant's petition without a hearing [o]n Appellant's claims of due process violations, namely that the due process clause gives Appellant the Eighth Amendment protections guaranteed under the United States Constitution, where no individualized considerations were made and Appellant[,] a juvenile[,] was sentenced to life without parole[?]

Appellant's Brief at 4 (unnecessary capitalization omitted).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the

- 3 -

Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, as stated *supra*, Appellant's judgment of sentence became final on November 10, 1990. Thus, his present petition, filed on March 22, 2016, is patently untimely, and for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in section 9545(b). In this regard, Appellant argues that he meets the 'retroactive constitutional right' exception of section 9545(b)(1)(iii) based on the Supreme Court's holding in *Miller*. In that case, the High Court established a new constitutional right by holding "that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Miller*, 132 S.Ct. at 1260. After *Miller*, the United States Supreme Court issued *Montgomery v. Louisiana*, 136 S.Ct. 718, 735-36 (2016), clarifying that *Miller* applies retroactively. This Court also held, in *Commonwealth v. Secreti*, 134 A.3d 77, 82 (Pa. Super.

2016), that the date of the **Montgomery** decision is to be used when calculating whether a petition is timely filed under the 60-day rule of 42 Pa.C.S. § 9545(b)(2).

Preliminarily, under the holding of **Secreti**, Appellant has clearly satisfied the 60-day rule of section 9545(b)(2), as his March 22, 2016 petition was filed 57 days after **Montgomery** was issued on January 25, 2016. However, Appellant - **who was 19 years old at the time he committed his crimes** - has failed to prove that the rule created in **Miller** applies to his case.[1]  In Appellant's PCRA petition, he argued

> that **Miller** validated a scientific study that found the human brain does not fully mature until the age of 25.  [Appellant] also cites a number of other scientific studies regarding the development of adolescent brains.  [He] avers [that] these studies provide "undisputable evidence in forensic psychology that a person is still considered a juvenile in the eyes of society between the ages of 18 and 20."  [Appellant's Petition] at 4. Thus, [Appellant] argues that he was a juvenile at the time of the murder, and therefore should be subject to the same protections as juveniles and the new right announced in **Miller**.

PCRA Court Order (PCO), 6/16/16, at 3-4 (providing Appellant with notice of its intent to dismiss pursuant to Rule 907).[2]  On appeal, Appellant reiterates

---

[1] The record confirms that Appellant was born on March 31, 1970, and he committed the murder and robbery offenses on February 1, 1990, thus making him 19 years old at the time those crimes were committed.

[2] In the PCRA court's Pa.R.A.P. 1925(a) opinion, it relies on the rationale set forth in its Rule 907 notice to support its denial of Appellant's petition.

this argument, and also adds novel claims that the rule announced in *Miller* must apply to him under equal protection and due process principles.

As the PCRA court aptly pointed out in its Rule 907 notice, this Court has already "made it abundantly clear that *Miller* only applies to those under 18 at the time of the offense." PCO at 4 (citing, *inter alia*, *Commonwealth v. Cintora*, 69 A.3d 759, 764 (Pa. Super. 2013)). In *Cintora*, the co-appellants, who were 19 and 21 years old at the time of their crimes, argued that *Miller* applied to them because a human brain does not fully develop until the age of 25, and because "it would be a violation of equal protection for the courts to treat them[,] or anyone else with immature brains, as adults." *Cintora*, 69 A.3d at 764. This Court rejected these claims, stressing that the co-appellants' "contention that a newly-recognized constitutional right **should** be extended to others does not render their petition timely pursuant to section 9545(b)(1)(iii)." *Id.* (emphasis in original).

We recently reaffirmed *Cintora's* holding in *Commonwealth v. Furgess*, 149 A.3d 90 (Pa. Super. 2016). There, the appellant - who was 19 years old when he committed his crimes - presented an argument similar to Appellant's, maintaining that he "may invoke *Miller* because he was a 'technical juvenile'" based on "neuroscientific theories regarding immature brain development…." *Furgess*, 149 A.2d at 94. Relying on *Cintora*, we reiterated that "petitioners who were older than 18 at the time they committed murder are not within the ambit of the *Miller* decision and

therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)." ***Id.***

Based on our holdings in ***Cintora*** and ***Furgess***, it is apparent that the rule announced in ***Miller*** cannot apply to Appellant, who was 19 years old when he committed murder. Appellant's arguments that ***Miller*** should apply to his case cannot satisfy the timeliness exception of section 9545(b)(1)(iii).

Order affirmed.

Judgment Entered.



Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/3/2017